UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00495-FDW-DCK

| | | |
|---|---|---|
| KAREN MARIE BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiff's "Motion for Entry of Default Final Judgment" pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Doc. No. 4), which the Court liberally construes as a Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1] In her Motion, Plaintiff, who is proceeding *pro se*, asserts that, on September 21, 2021, she served the Complaint (Doc. No. 1) and summons for this mater "upon Sarah , [sic] Assistant Manager of defendant, Walmart Store # 3733 [sic] place of business located at 1151 Stonecrest Blvd. Tega Cay, SC 29708." (Doc. No. 4, p. 1). Plaintiff further asserts that, as of October 12, 2021, Plaintiff is entitled to entry of default because more than twenty (20) days have passed from the date which Plaintiff "served" Defendant without appearance by Defendant. Id.

Rule 55(a) of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In

---

[1] It is well settled that entry of default is required prior to plaintiff seeking default judgment. See Walker v. Wilkie, 2019 WL 5067476 (W.D.N.C. Oct. 9, 2019) (quoting Silvers v. Iredell Cty. Dep't of Soc. Servs., 2016 WL 427954, at *3 (W.D.N.C. Feb. 3, 2016) ("After the clerk has entered a default, the plaintiff may seek a default judgment.")). As the Clerk has not entered a default in this matter, Plaintiff is not yet entitled to default judgment.

order for a defendant to plead or otherwise defend itself, however, such defendant must have been properly notified of the action through service in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(c) of the Federal Rules of Civil Procedure provides that a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)" by "[a]ny person who is at least 18 years old and *not a party*…." Fed. R. Civ. P. 4(c) (emphasis added). Thus, as an initial matter, Plaintiff has failed to properly serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure because Plaintiff, as a party to this civil action, may not serve Defendant.

Moreover, Rule 4(h), entitled "SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION", states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district in the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…

Fed. R. Civ. P. 4(h)(1). Plaintiff's "service" again fails to comply with the requirements of Rule 4, as Sarah, the Assistant Manager of Walmart Store #3733, is not a person authorized to receive service of process on behalf of Defendant. See Id.; See also N.C. R. Civ. P. 4(j). Accordingly, Plaintiff has not properly served Defendant and is not entitled to entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default (Doc. No. 4) is DENIED and **Plaintiff is hereby notified that she must serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, in the time allowed by Rule 4(m), to avoid**

**the dismissal of her Complaint**.

IT IS SO ORDERED.

Signed: November 16, 2021

Frank D. Whitney
United States District Judge