UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00495-FDW-DCK

| KAREN MARIE BEARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| WALMART, INC. | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Walmart, Inc.'s ("**Defendant**") Motion to Dismiss, (Doc. No. 9), filed on May 6, 2022. Karen Marie Beard ("**Plaintiff**") responded on June 21, 2022, (Doc. No. 13), to which Defendant replied on June 28, 2022, (Doc. No. 14). As such, Defendant's Motion is fully briefed and ripe for review. For the reasons set forth herein, Defendant's Motion is GRANTED and Plaintiff's Complaint, (Doc. No. 1), is DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

## I. Background

Plaintiff, who appears pro se, did not complete the "factual background" portion of her complaint form; however, she attached exhibits to her complaint that provide some indication of the factual background she contends supports her claims. (Docs. Nos 1, 1-1, pp. 1-8).[1]

---

[1] The Court considers the attached exhibits as part of the Plaintiff's complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Tate v. Mail Contractors of Am., Inc., No. 3:10–CV–528, 2011 WL 1380016, at *3 (W.D.N.C. Apr.12, 2011) ("Mindful that the Court should review the entirety of a pro se plaintiff's record for evidence to support Plaintiff's claims, the Court has examined all of [Plaintiff's] filings" in ruling on the motion to dismiss.)

1

Plaintiff worked as a Cashier and Optician for Defendant: first at Sam's Club (a Walmart subsidiary), from October 17, 2008, to November 23, 2011; then at Walmart's Vision Center from April 17, 2014, to November 4, 2020. Id. at 6-8. On March 18, 2020, Plaintiff informed her supervisor Kari Keene that she was experiencing mental health issues, which led Keene to suggest that she take an approved vacation. Id. at 1, 6. During this vacation, Plaintiff travelled from South Carolina to visit family in New Orleans, Louisiana. Id. When she returned home and inquired about returning to work, Keene informed Plaintiff she could not return to work due to the Covid-19 pandemic and the fact that she had traveled to a different state. Id. At some point during the same time period, but after Plaintiff's trip, Plaintiff contends a fellow Optician R.H. travelled across state lines and was allowed to immediately return to work. Id. After a week of missed shifts, Plaintiff called Keene's manager to request permission to work shifts as a cashier until she was able to return to the Vision Center. Id.

On an unspecified occasion in March 2020, a customer filed a complaint against Plaintiff alleging Plaintiff refused to fix the customer's glasses because they were dirty. Plaintiff, however, claims that she instructed the customer that she was unable to fix his glasses because the store did not have the correct nose piece in stock. Id. On June 16, 2020, Keene met with Plaintiff to discuss the incident, and instructed Plaintiff to "keep [her] voice down [be]cause [Keene] said people always take black people the wrong way [be]cause we [sic] loud and we [sic] black." Id. Keene further instructed Plaintiff that she was going to be changed from a full-time employee to a part-time employee because she had not hit her hour quota for the past 12 weeks. Id. Plaintiff was subsequently terminated from her position at Walmart on November 4, 2020. Id. at 6. In an email communication containing a written statement by Plaintiff, Plaintiff alleges that Keene's decision

to demote Plaintiff, and subsequently terminate her, was in retaliation for Plaintiff asking Keene's supervisor to work shifts as a cashier while she was unable to return to the Vision Center due to stricter Covid-19 protocols. Id. at 1.

## II. Procedural History

Plaintiff commenced this action on September 21, 2021, seeking monetary damages. (Doc. No. 1). Defendant filed a Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6) (Doc. No. 9), and this Court informed Plaintiff of her duty to respond to that motion, (Doc. No. 10). This matter has been fully briefed by the parties, (Docs. Nos. 13, 14), and is ripe for disposition.

## III. Standard of Review

Complaints must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [for failing to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts will ignore all "legal conclusions" alleged in the complaint and assume all factual allegations are true. Id. at 678–79. Then, courts will consider all the factual allegations to determine if the claim is "plausible"—i.e., whether "the plaintiff plead[ed] sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002) (noting that a Plaintiff in a Title VII claim need not plead facts that constitute a prima facie case to survive a motion to dismiss). "Determining whether a complaint states a plausible claim . . .

3

requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679.

Complaints written by *pro se* plaintiffs are construed liberally in favor of the plaintiff, so courts will hold plaintiffs' documents "to a less stringent standard than those drafted by attorneys." See Smith v. Greenville Cnty. Sch. Dist., No. 6:10-2478, 2010 WL 4484099 at *1 (D.S.C. Oct. 5, 2010) (citing Erickson v. Pardus, 551 U.S. 89 (2007); Estelle v. Gamble, 429 U.S. 97 (1976)). However, even under this less stringent standard, "the *pro se* complaint is subject to summary dismissal" if the court is unable to "reasonably read the pleadings to state a valid claim on which Plaintiff could prevail" without "construct[ing] Plaintiff's legal arguments for her." Smith, 2010 WL 4484099 at *1 (citing Small v. Endicott, 988 F.2d 411, 417-18 (7th Cir. 1993)). To survive a Rule 12(b)(6) motion, a *pro se* complaint must allege sufficient facts to support all of the legal elements of the claim. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." (emphasis in original)); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## IV. Analysis

Plaintiff asserts claims of employment discrimination, including termination of her employment and retaliation, on the basis of color and disability or perceived disability, in violation of Title VII and the Americans with Disabilities Act ("**ADA**"). (Doc. No. 1, p. 4). Defendant has moved to dismiss all claims.

**A. Title VII Claim**

4

1. Failure to Exhaust Administrative Remedies

Title VII prohibits an employer from taking adverse employment action against an employee because of the individual's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000-e-2(a)(1). Plaintiff first filed a charge with the EEOC for discrimination and retaliation based on race. (Doc. No. 1-1, p. 3). Subsequently, in this complaint, Plaintiff asserted discrimination and retaliation based on color, but not race. (Doc. No. 1, p. 4). Typically, "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Sydnor v. Fairfax County, 681 F.3d 591, 593 (4th Cir. 2012) (omission in original) (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)). A plaintiff has therefore failed to exhaust his administrative remedies when the plaintiff's court complaint alleges "a broader pattern of misconduct" than "the allegation of a discrete act or acts in [plaintiff's] administrative charge." Chacko, 429 F.3d at 508–10; see also Parker v. Reema Consulting Servs., Inc., 915 F.3d 297, 306 (4th Cir. 2019) (holding that plaintiff's EEOC charge alleging sex-based discrimination due to a workplace rumor failed to provide adequate notice to defendant of plaintiff's subsequent allegation of discriminatory application of defendant employer's warning policy). This framework provides some flexibility, however, for "hapless plaintiffs" who might otherwise fall victim to "overly technical concerns." Sydnor, 681 F.3d at 594. Thus, "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'" Id. (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)).

5

Under Title VII, race and color, while "not synonymous," "clearly overlap." EEOC Compliance Manual, § 15-III at 15-6 (Apr. 19, 2006). Thus, any reasonable administrative investigation into the discrete discriminatory acts alleged by Plaintiff would necessarily explore both race and color discrimination. As such, Plaintiff has sufficiently exhausted her administrative remedies for defendant's alleged discriminatory termination and retaliation of her on the basis of color.

2. Retaliation

To establish a prima facie claim for retaliation under Title VII, a plaintiff must allege: "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005). It is a protected activity for an individual to "oppose[] any practice made an unlawful employment practice by [Title VII]." Crawford v. Metro Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 276 (2009) (citing 42 U.S.C. § 20003-3(a)). Specifically, "'[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication' virtually always 'constitutes the employees' opposition to the activity.'" Crawford, 555 U.S. at 276 (quoting Brief for United States as Amicus Curiae 9, Crawford, 555 U.S 271) (cleaned up).

Here, Plaintiff's uncontroverted demotion from full-time to part-time employee and subsequent termination plainly satisfy the adverse employment action element of a prima facie claim for retaliation. Further, Plaintiff's EEOC charge was clearly a protected action. However, Plaintiff does not allege that she was retaliated against or terminated because of her EEOC charge. Instead, she alleges Keene retaliated against her, by demoting her and then firing her, because she

6

"went over her head and ask [sic] management to be a cashier" while she was unable to return to the Vision Center due to their stricter Covid-19 protocols. (Doc. No. 1-1, p. 1). Plaintiff does not make any allegation that she was withheld from her position in the Vision Center due to her color, race, or for any other reason protected by Title VII. Furthermore, Plaintiff offers no factual allegations, beyond conclusory speculation, that there was a causal connection between her non-protected complaint to management and her subsequent demotion and termination. Thus, Plaintiff's complaint that she was retaliated against on the basis of her color in violation of Title VII is dismissed.

3. Termination

To support a claim for discriminatory termination based on race or color under Title VII, a plaintiff must allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A plaintiff's conclusory allegation that she was terminated because of her race is insufficient to establish a prima facie case for discriminatory termination—even for a motion to dismiss under Rule 12(b)(6). See Coleman, 626 F.3d at 190-91. The complaint must establish a plausible basis for the court to conclude plaintiff's complaint of discrimination rises above speculation. Id.

Here, Plaintiff's complaint alleges that three of her coworkers were treated differently than her. Specifically, she alleges that these coworkers were treated differently than her in a points system utilized by Defendant, and that one coworker had taken medication that caused her to fall asleep while speaking to a customer. (Doc. No. 1-1, p 1). In a separate incident, Plaintiff alleges

7

that her coworker "Tina" was not required to observe the quarantine period that she was required to observe, despite having also traveled across state lines. Id. However, Plaintiff does not allege at any point in her complaint or the exhibits that these three coworkers are not a member of the protected class. Thus, no reasonable inference enables this Court to find that Plaintiff's complaint satisfies the fourth element.

Further, at no point does Plaintiff allege that her job performance was satisfactory at the time of her termination. The only positive mention of Plaintiff's work performance is Plaintiff's statement that she "gave this company 12 year of my life." (Doc. No. 1, ¶ V). Thus, there is no reasonable inference by which this Court can find that Plaintiff's complaint satisfies the second element.

For the reasons stated above, Plaintiff's complaint of discriminatory termination on the basis of her color shall be dismissed.

### B. ADA Claim

The ADA prohibits discrimination "in regard to the job application process, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment" on the basis of disability. See 42 U.S.C. § 12112(a). Plaintiff first filed a charge with the EEOC for discrimination and retaliation based on race. (Doc. No. 1, p 4). The ADA, which is modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, requires "a plaintiff [to] exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 2000e–5(b), (f)(1)). Plaintiffs are required to exhaust their administrative remedies to put employers on notice of the alleged violations and enable them to

8

attempt to resolve the matter out of court. Miles v. Dell, 429 F.3d 480, 491 (4th Cir. 2005) (citing EEOC v. American Nat'l Bank, 652 F.2d 1176, 1186 (4th Cir. 1981)). In the case of an ADA lawsuit, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a later suit." Downie v. Revco Discount Drug Centers, Inc., 448 F. Supp. 2d 724, 728 (W.D. Va. 2006) (citing Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (discussing Title VII)).

Plaintiff did not allege discrimination or retaliation on the basis of a disability in her EEOC charge. (Doc. No. 1-1, p. 3). No reasonable administrative investigation of a race discrimination charge could be expected to explore a claim of disability discrimination. Unlike race and color, there is no clear overlap between race and disability. Thus, Plaintiff has not exhausted her administrative remedies in regards to an ADA claim for discrimination or retaliation based on disability. Because Plaintiff has not exhausted her administrative remedies by filing an ADA claim with the EEOC, her ADA claim shall be dismissed.

Furthermore, regardless of Plaintiff's failure to exhaust her administrative remedies with regards to her ADA claim, this claim cannot survive Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). For an individual to be "disabled" as defined by the ADA, the individual must: (1) have "a physical or mental impairment that substantially limits one or more major life activities of such individual," (2) have "a record of such an impairment," or (3) be "regarded as having such an impairment." 42 USC § 12102(1); Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 884 (9th Cir. 2004). A plaintiff need only prove one of these three prongs to be "disabled" as defined by the ADA, so dismissal per Rule 12(b)(6) is only appropriate if it is not plausible, from

the allegations contained in a plaintiff's complaint, for the Court to find that plaintiff is "disabled" as defined by the ADA. See 42 U.S.C. § 12102(1); Iqbal, 556 U.S. at 678. Here, Plaintiff neither identifies any specific disability nor alleges any facts to support a finding of disability other than checking the box to indicate that she believes she was discriminated against due to her alleged disability. (See Docs. Nos. 1; 1-1). Thus, Plaintiff's claims under the ADA shall be dismissed.

## V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss per Rule 12(b)(6), (Doc. No. 9), is GRANTED, and Plaintiff's Complaint, (Doc. No. 1.), is DISMISSED and WITHOUT LEAVE TO AMEND.[2]

IT IS SO ORDERED.[3]

Signed: November 29, 2022

Frank D. Whitney
United States District Judge

---

[2] The Court notes that Plaintiff's response to the instant motion indicates additional "allegations" that arguably supplement her form Complaint and exhibits. Nevertheless, the Court finds that even if Plaintiff were allowed to amend her complaint to supplement the allegations as argued in her response, such amendment would be futile and does not save the instant pleading from failing to state a claim.

[3] See Britt v. DeJoy, 45 F.4th 790 (4th Cir., 2022) ("When a district court dismisses a complaint or all claims without providing leave to amend, the complaint . . . the order dismissing the complaint is final and appealable."); Johnson v. Yeckley, No. 21-6810, 2022 WL 5240611 at n.* (Oct. 6, 2022) (per curiam) (unpublished) ("Although the district court dismissed the complaint in part without prejudice, we conclude that the dismissal order is final and appealable." (citing Britt, 45 F.4th at 791)).

10